UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,                                Criminal No. 11-3 (PJS/FLN)

          Plaintiff,

          v.                                             **REPORT AND**
                                                         **RECOMMENDATION**

**Mario Montalban-Ramirez,**

          Defendant.

_____

Kevin S. Ueland, Assistant United States Attorney, for Plaintiff.
Katherian D. Roe, Federal Public Defender, for Defendant.

_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on February

2, 2011 on Defendant's Pretrial Motion to Suppress Evidence Obtained as a Result of Search and

Seizure (ECF No. 13) and Defendant's Pretrial Motion to Suppress Statements, Admissions and

Answers (ECF No. 14). At the hearing, the Government offered testimony from Michael Kopp. The

matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636

and Local Rule 72.1. For the reasons which follow, the Court recommends Defendant's suppression

motions be **DENIED as moot**.

## I.    FINDINGS OF FACT

At the hearing in this matter, Metro Transit Police Officer Michael Kopp testified regarding

his interactions with Mario Montalban-Ramirez ("Defendant") on December 7, 2010. Officer Kopp

testified that, on that date, he responded to a call from dispatch at approximately 10:30 P.M.

Dispatch advised him that a bus operator had observed an individual "sleeping or passed out" in a

bus shelter on the University of Saint Thomas campus in the City of Saint Paul. When Officer Kopp

arrived at the scene, he saw Defendant lying face down on the sidewalk in the snow, wearing multiple layers of clothing. Officer Kopp turned him over and observed that Defendant's eyes were shut. Officer Kopp then used a "pain compliance technique" (by applying pressure to the mandibular angle) to wake Defendant. Officer Kopp successfully roused Defendant and assisted him to his feet. Officer Kopp determined that Defendant was "highly intoxicated" based on the strong odor of alcohol on his breath, his bloodshot eyes and his slurred speech. He further testified that, as he escorted Defendant to his squad car, Defendant "was hardly able to walk."

Officer Kopp asked Defendant his name, where he was headed, how much he had had to drink, and if he had any identification. When Defendant reached for his back pocket, Officer Kopp retrieved Defendant's wallet for him and recovered a Catholic Charities photo identification card bearing the name "Oscar Yturria." Officer Kopp ran the name through the State of Minnesota DVS website using his squad computer and was able to confirm Defendant's identity, linking his name and photo to his state driver's license number. Defendant's name (as Oscar Yturria) also appeared on the "trespass" list, consisting of "frequent offenders on the transit system." Officer Kopp testified that, prior to placing Defendant in his squad car, he conducted a pat down search for weapons and recovered a 750 ml bottle of vodka "that was mostly consumed" from one of the jackets Defendant was wearing. Officer Kopp then placed Defendant under arrest for "open bottle" and trespass. Defendant was ultimately indicted for illegal reentry after deportation. (Indictment, ECF No. 1.)

## II.   CONCLUSIONS OF LAW

### A.   Probable Cause for Arrest

Defendant contends that his arrest on December 7, 2010 was not supported by probable cause and was thus unlawful.

"Probable cause for a warrantless arrest exists 'if the facts and circumstances within the law

enforcement officer's knowledge are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense.'" *United States v. Brown*, 49 F.3d 1346, 1349 (8th Cir. 1995), quoting *United States v. Morales,* 923 F.2d 621, 623 (8th Cir. 1991). "The probable cause determination does not depend upon individual facts," but rather "it depends on the cumulative effect of the facts in the totality of the circumstances." *Brown*, 49 F.3d at 1349 (quotation omitted).

Officer Kopp discovered Defendant passed out in the snow at a University of Saint Thomas bus shelter and was compelled to utilize a "pain compliance technique" in order to revive him. Defendant was clearly "highly intoxicated." Officer Kopp testified that his breath smelled of alcohol, and he exhibited slurred speech and bloodshot eyes. Additionally, while conducting a pat down search, Officer Kopp recovered an almost empty bottle of vodka from Defendant's jacket. Based on the totality of the circumstances, Officer Kopp had probable cause to believe that Defendant had violated a City of Saint Paul ordinance prohibiting the possession and consumption of intoxicating liquor. *See* City of Saint Paul Ordinance, Title XXIV § 246.01 ("No person shall upon the public streets, lanes or alleys of the city . . . or being a trespasser upon the private premises of another, drink or have in his/her possession in an opened container any intoxicating liquor, intoxicating malt liquor, nonintoxicating malt liquor or alcoholic beverage of any kind whatever . . . ."); Ch. 1 § 1.05 ("Any person violating any provision of the Legislative Code shall be guilty of a misdemeanor . . . ."); *see also* Minn. Stat. § 471.985.

The Court finds that probable cause existed to support Defendant's arrest.

**B.      Suppression of Evidence**

To the extent Defendant has moved to suppress evidence, the Government has represented that it does not intend to offer the vodka bottle (the only evidence seized in this case) at trial.

Defendant's Pretrial Motion to Suppress Evidence Obtained as a Result of Search and Seizure (ECF

No. 13)  should therefore be denied as moot.

**C.      Suppression of Statements**

Defendant also seeks to suppress the statement he made while in the custody of Immigration

and Customs Enforcement on December 17, 2010.[1] The Government, however, has represented that

it does not intend to offer the December 17, 2010 statement in its case in chief. Defendant's Pretrial

Motion to Suppress Evidence Obtained as a Result of Search and Seizure (ECF No. 13) should

therefore be denied as moot.

## III.      RECOMMENDATION

Based upon the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY**

**RECOMMENDED** that:

1)      Defendant's Pretrial Motion to Suppress Evidence Obtained as a Result of Search

and Seizure (ECF No. 13) be **DENIED as moot**; and

2)      Defendant's Pretrial Motion to Suppress Statements, Admissions and Answers (ECF

No. 14) be **DENIED as moot**.


DATED: February 9, 2011                              *s/ Franklin L. Noel*
                                                     FRANKLIN L. NOEL
                                                     United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with
the Clerk of Court and serving on all parties, on or before **February 23, 2011**, written objections
which specifically identify the portions of the proposed findings or recommendations to which
objection is being made, and a brief in support thereof. A party may respond to the objecting party's
brief within fourteen (14) days after service thereof.  All briefs filed under the rules shall be limited

---

[1] Counsel for Defendant represented that Defendant does not challenge the admissibility of any other statements
made, including those made to Officer Kopp on December 7, 2010 at the time of his arrest.

4

to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **February 23, 2011** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.